**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ROBIN D. BOWYER,

        Plaintiff,

v.                                                                                    CIVIL ACTION NO. 5:09-cv-00027

COUNTRYWIDE HOME LOAN SERVICING, LP,

        Defendant.

**MEMORANDUM OPINION AND REMAND ORDER**

Pending before the Court is Plaintiff's Motion to Remand [Docket 6]. This case was originally filed in the Circuit Court of Raleigh County, West Virginia, on December 10, 2008. Defendant removed the case to this Court on January 13, 2009, on the basis of diversity jurisdiction. Plaintiff now alleges that the amount-in-controversy requirement has not been met and seeks a remand of the case back to the Circuit Court of Raleigh County.

*I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

This case arises out of Defendant's alleged unlawful attempts to collect a debt from Plaintiff and harassment of Plaintiff through repeated telephone calls. Plaintiff filed the instant lawsuit asserting nine different causes of action, including violations of the West Virginia Consumer Credit and Protection Act (WVCCPA), negligence, outrage, intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, and violations of West Virginia Code §§ 61-8-16(a)(3)–(4) and 61-8-16(b). Plaintiff seeks a judgment for actual damages, statutory damages, punitive damages, attorney's fees, and costs.

Defendant filed a notice of removal pursuant to 28 U.S.C. § 1332(a) and (c), alleging that there is complete diversity between the parties and that "[f]rom the complaint filed by the Plaintiff it is impossible to ascertain the alleged number of possible violations of law and other things for which Defendant may be liable for [sic] and therefore Defendant believes it is exposed to alleged damages for an amount in controversy in the action, exclusive of interest and costs which exceeds the jurisdictional amount of $75,000.00." (Docket 1 ¶ 4.) Plaintiff filed her Motion to Remand [Docket 6] on January 20, 2009. Defendant filed a Response [Docket 10] on February 3, 2009, and Plaintiff filed a Reply [Docket 11] on February 5, 2009. The motion has been fully briefed, and the matter is now ripe for the Court's review.

## II. APPLICABLE LAW

Congress has authorized the federal courts to exercise diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). For cases instituted in state court and removed, a strong presumption arises that the plaintiff has not claimed an amount large enough to confer jurisdiction on a federal court. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90 (1938). Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. *Id.*

2

Where a complaint does not request a specific amount of damages, courts may require a removing defendant to establish the jurisdictional amount. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 23 (S.D. W. Va. 1994) (Faber, J.). "[I]n such circumstances, . . . the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Id.* In doing so in a case that has been removed from state court on the basis of diversity jurisdiction, the Court will determine whether the removing party has proven "by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)) (internal quotation marks and edits omitted). In other words, the Court will determine if the removing party has established that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. *Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 606 (S.D. W. Va. 2007) (Johnston, J.).

### III.  ANALYSIS

In its notice of removal, Defendant maintains that there is complete diversity between the parties and that, though it is impossible to tell based on the allegations in the complaint, it believes that the amount in controversy exceeds $75,000. Plaintiff does not contest the allegation that there is complete diversity. Rather, Plaintiff asserts that Defendant has not met its burden of establishing the requisite jurisdictional amount. In support of her claim, Plaintiff cites to *Prevette v. Drive Fin. Servs., LP*, No. 5:07-cv-00601, Docket 28 (S.D. W. Va. February 7, 2008) (Johnston, J.) (remand order), a case before the undersigned District Judge with similar facts to the instant action.

In *Prevette*, the plaintiffs alleged claims against the defendant for "(1) violations of the West Virginia Consumer Credit and Protection Act (WVCCPA), (2) negligence, (3) the tort of outrage, (4) intentional infliction of emotional distress, (5) negligent infliction of emotional distress, (6) invasion of privacy, (7) violations of W. Va. Code § 61-8-16(a)(3), (8) violations of W. Va. Code § 61-8-16(a)(4), and (9) violations of W. Va. Code § 61-8-16(b)." *Id.* at 3. The plaintiffs demanded actual, statutory, and punitive damages as well as attorney's fees. *Id.* Acting *sua sponte*, this Court found with regard to Plaintiff's common law claims, that it had no information to conclude that the alleged debt collection activities in which the defendant had engaged would result in a jury award of more than $75,000. *Id.* Additionally, the Court determined that the record did not indicate that the defendant was "alleged to have committed such a large number of violations as to allow for a statutory award in excess of $75,000."[1] *Id.* Therefore, finding that the plaintiffs had not demonstrated that the amount in controversy exceeded $75,000, the Court remanded the case to the Circuit Court of Raleigh County. *Id.* at 4.

In the present action, Defendant argues that "[a]lthough Plaintiff's complaint does not request a specific award, her alleged causes of action and requested damages plainly implicate an amount in excess of $75,000." (Docket 10 at 2.) Defendant argues that Plaintiff's first count, which alleges four WVCCPA violations, "places *at least* $16,000 of statutory damages in controversy." (*Id.* (emphasis in original).) However, W. Va. Code § 46A-5-101(1) states that creditors who violate the WVCCPA are subject to a penalty of $100 to $1,000, in an amount to be determined by the court. W. Va. Code § 46-5-106 states that this penalty may be adjusted for inflation, based on the

---

[1] The Court found that the penalties for the plaintiffs' statutory claims were as follows: "(1) $500 per violation under W. Va. Code § 61-8-16(d), and (2) between $420.57 and $4,205.72 per violation under W. Va. Code § 46A-5-101, *et seq.*" *Id.*

4

consumer price index in place in 1974. The present day value of value of this penalty is $430.41 to $4,304.12. Therefore, Plaintiff's allegations of four WVCCPA violations puts a maximum of $17,216.48 of statutory damages in controversy. Defendant also argues that Plaintiff alleges three violations of W. Va. Code § 61-8-16, which if proven would entitle her to civil damages. The Court notes that the maximum amount that could be awarded under W. Va. Code § 61-8-16 would be $500 for each offense, or in this case $1,500. *See* W. Va. Code § 61-8-16(d). Therefore, only $18,716.48 of statutory damages are at issue here.

Defendant argues that in addition to the statutory damages available, the actual[2] and punitive damages and attorney's fees she seeks "put a potential six figure recovery in controversy here." (Docket 10 at 2.) However, as in *Prevette*, the Court has no information, other than bald assertions, to conclude that the actions taken by Defendant would result in a jury award to Plaintiff in an amount in excess of $75,000. Accordingly, the Court finds that Defendant has failed to meet its burden of showing by a preponderance of the evidence that the amount-in-controversy requirement has been met. Therefore, the Court is required to remand the case to the Circuit Court of Raleigh County.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand [Docket 6] is **GRANTED**. The case is hereby **REMANDED** to the Circuit Court of Raleigh County, West Virginia, and Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of Raleigh County.

---

[2] Plaintiff claims actual damages for emotional distress, worry, bother, annoyance, inconvenience, embarrassment, and anger. (*See* Docket 5 at 5–9).

5

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 21, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE